IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TISHA HENDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:24-cv-1511-S (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Tisha Henderson sues the United States of America, alleging, without factual detail, that the United States is illegally stalking, harassing, and torturing her. ECF No. 3 at 1. She also alleges that a "fraudulent case is being conducted." ECF No. 3 at 1. The Court should dismiss Henderson's complaint without prejudice for lack of subject matter jurisdiction.

The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017).

The United States and its agencies generally enjoy sovereign immunity from suit. *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983); *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 287 (5th Cir. 2012) (providing that the government's consent to be sued "is a prerequisite to federal jurisdiction")

Absent a waiver of this immunity or consent to be sued, any suit brought against the United States or any federal agency must be dismissed for lack of subject-matter jurisdiction. *See F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994); *Loeffler v. Frank,* 486 U.S. 549, 554 (1988); *Wagstaff v. U.S. Dep't. of Educ.,* 509 F.3d 661, 664 (5th Cir. 2007). The plaintiff bears the burden of showing a waiver of sovereign immunity. *Freeman v. United States,* 556 F.3d 326, 334 (5th Cir. 2009) (citation omitted).

Here, Henderson has sued the United States, but she has not identified any waiver of sovereign immunity, and none is evident. Therefore, the Court should dismiss this case without prejudice for lack of subject matter jurisdiction.

## Leave to Amend

Ordinarily, "a *pro se* litigant should be afforded an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As shown above, the facts as alleged by Henderson show a lack of subject matter jurisdiction in this Court that does not appear to be curable by amendment.[1] But the 14-day statutory objection period

---

[1] In the past six months, Henderson has filed at least 12 other cases in this Court making similar fanciful allegations. Given that filing history, on July 8, 2024, United States District Judge Brantley Starr imposed a sanction barring Henderson from filing future actions in this or any other federal court without first obtaining leave of court. *See Henderson v. Biden,* No. 3:24-cv-1667-X-BK, (ECF No. 10) (N.D. Tex. July 8, 2024).

2

(explained below) will allow Henderson the chance to proffer facts, if any, that can cure the jurisdictional deficiencies noted above.

## Recommendation

The Court should dismiss this lawsuit without prejudice for lack of subject matter jurisdiction.

SO RECOMMENDED.

October 7, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).